AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
для
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>SHEPARD GROVER<br><br>_Defendant(s)_ | Case No. 6:22-mj- 1152 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __February 15, 2022__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 751(a) | Escape |

This criminal complaint is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Cleveland Jenkins, Deputy United States Marshal
_Printed name and title_

Sworn to before me via Zoom and/or telephone conference and signed by me pursuant to Fed. R. Crim. P. 4.1 and 41 (d)(3).

Date: 2/24/22

_Judge's signature_

City and state: Orlando, Florida

Leslie Hoffman Price, U.S. Magistrate Judge
_Printed name and title_

STATE OF FLORIDA    CASE NO. 6:22-mj- 1152

COUNTY OF ORANGE

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Deputy United States Marshal Cleveland Jenkins, being duly sworn, state the following:

### INTRODUCTION

1.  I am a Deputy United States Marshal (DUSM) for the Middle District of Florida, Orlando Division. I have been a DUSM since 2003. My official duties and responsibilities include Fugitive Apprehension and Enforcement Operations, Judicial Security, Witness Security, Prisoner Operations, and Court Security. My duties involving prisoners and fugitives include the investigation of prisoner escapes pursuant to 18 U.S.C. § 751(a), including those escapes involving the failure of a prisoner to return or remain within the limits of his or her confinement, or to return to an institution or facility, as provided under 18 U.S.C. § 4082(a).

### PURPOSE OF THE AFFIDAVIT

2.  This affidavit is being submitted in support of a criminal complaint and arrest warrant charging the defendant, Shepard GROVER, with escape, in violation of 18 U.S.C. § 751(a). As this affidavit is being offered for the limited purposed of establishing probable cause for the charged offense, I have not included all facts and information known to me about this investigation. This affidavit is based on my participation in this investigation as well as information I have received from other law enforcement personnel.

### PROBABLE CAUSE

3.  On or about February 9, 2010, GROVER was sentenced to 125 months' custody in the Bureau of Prisons (BOP), followed by a term of eight years of supervised

release, for a federal conviction for possession with intent to distribute five grams or more of cocaine base within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a) & 860(a). *See* United States v. GROVER, Case No. 8:09-cr-00135-T-33AEP (M.D. Fla.).

  4. Once GROVER completed a significant portion of his incarceration, and also to ease his eventual transition back into society, BOP allowed GROVER to serve the remainder of his prison sentence at a designated residential re-entry center (RRC), or "halfway house." On November 9, 2021, GROVER was transferred from the Coleman Federal Correctional Institution to an RRC named Dismas Charities (Dismas), located at 6860 Edgewater Commerce Parkway, in Orlando, Orange County, Florida. This RRC is overseen by the BOP. The inmates residing there remain in the custody of the BOP. GROVER was supposed to remain at the RRC until June 20, 2022. Afterwards, GROVER would have been assigned a Probation Officer to begin his eight-year term of Supervised Release.

  5. As part of placement at this RRC, all residents watch a video and receive a resident handbook setting forth the rules of the facility. Following their review of the video and the resident handbook, they are all required to sign and date a Resident Intake Packet in which they acknowledge they have been made aware of the rules of the facility. A violation of these rules results in disciplinary proceedings, including possible return to a federal prison, among other things.

  6. On November 9, 2021, GROVER signed a form titled "Dismas Charities, Inc., Acknowledgement of Custody," which was part of the Resident Intake Packet. The Acknowledgement of Custody form stated: "I understand that I am in the custody of the Attorney General of the United States. I further understand that leaving the Residential Center without permission from the Center Director or his/her authorized representative

shall be deemed an escape from the custody of the Attorney General. I also understand that leaving my place of employment or training, without permission from the Center Director or his/her authorized representative, or failure to return to the Residential Center within the time prescribed, shall be deemed an escape from the custody of the Attorney General of the United States."

7. On February 14, 2022, a Pickup Notice for GROVER was issued to the United States Marshals Service. Pursuant to this Pickup Notice, GROVER was ordered into full time custody and was due to be scheduled for an administrative hearing to determine further sanctions. A Pickup Notice is issued when an inmate has violated the terms of the RRC. The Pickup Notice authorizes the USMS to return an inmate to full-time incarceration. GROVER's Pickup Notice was issued for Use of Drugs, which is a violation of the facility rules. At the time the Pickup Notice was issued, GROVER was at work. Upon his return to the RRC from work, GROVER was notified that his movement was restricted to the facility.

8. On February 15, 2022, at 12:05 a.m., GROVER was discovered missing during a headcount by the staff of the RRC. Dismas staff conducted searches of the immediate area, including the outside perimeter grounds of the facility. Dismas staff also contacted Advent Health, the Orlando Regional Medical Center, and the Orange County Jail to check to see if GROVER was either injured and admitted to a hospital or arrested on a new charge by local law enforcement. They also attempted to contact him via cell phone and through his emergency contacts. All attempts were met with negative results. As of February 23, 2022, GROVER has not returned to the RRC and his whereabouts are unknown.

## CONCLUSION

9. Based on the foregoing, there is probable cause to believe that the defendant, Shephard GROVER, has committed the offense of escape, in violation of 18 U.S.C. § 751(a).

10. This concludes my affidavit.

Respectfully submitted,

Cleveland Jenkins
Deputy United States Marshal

Affidavit submitted by email and attested to me
as true and accurate via telephone or video conference,
consistent with Fed. R. Crim. P. 4.1 and 4(d), before me
this 24th day of February, 2022.

LESLIE HOFFMAN PRICE
United States Magistrate Judge

4